## Sumption, Appellant, *v.* Rogers (No. 2).

OPINION BY RICE, P. J., February 27, 1913:

No paper-books were furnished in this case, the case being submitted on the argument made in Sumption v. Rogers, No. 160, October term, 1912, ante, p. 109. It appears by the record filed that the claim in question was for work done and materials furnished in plastering one of the ten dwelling houses situated on the west side of 50th street referred to in the opinion herewith filed in the case above referred to. The claimant determined the amount due by apportioning to these ten dwelling houses a certain part of the entire contract price, and then apportioning one-tenth of that part to this house. After the defendant had obtained a rule to strike off the lien, and after time for filing claim had expired, the claimant obtained a rule to show cause why he should not have leave to amend his claim by attaching thereto a bill of particulars showing the kinds and amount of materials delivered to and actually used in the ten houses, the number of days labor done thereon, the number of square yards of plastering in the ten houses, and the number of square yards of

plastering in the house against which this lien was filed. The court made absolute the defendants' rule and discharged the claimant's rule. These were the only rulings excepted to by the claimant. It is apparent from the foregoing statement, that, applying to the case the principles upon which the case above cited was ruled, this action of the court was proper. In arriving at this conclusion we have not overlooked the item of $2.31, being one-tenth of the agreed price for changing doorways in the ten houses, but we are of opinion that the averment of the claim as to this item does not bring it within the principle upon which the item for extra work was sustained in that case.

The judgment is affirmed.